RECEIVED
USDC, WESTERN DISTRICT OF L
TONY R. MOORE, CLERK
DATE 5/26/15
          YT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**RANDY PAUL DAVIS (#581779)**          DOCKET NO. 15-cv-920; SEC. P

**VERSUS**                               JUDGE DRELL

**CEDRIC SMITH**                         MAGISTRATE JUDGE KIRK

<u>REPORT AND RECOMMENDATION</u>

Pro se Plaintiff Randy Paul Davis filed the instant civil rights complaint *in forma pauperis*, and pursuant to 42 U.S.C. §1983. Plaintiff is a detainee at the Natchitoches Parish Detention Center in Natchitoches, Louisiana. He complains that various antique items, knives, and guns, that were confiscated following the search of his vehicle and residence in 2011, were never returned to him.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. §636 and the standing orders of the Court.

*Factual Allegations*

Plaintiff alleges that on April 4, 2011, he reported to probation and parole to begin his term of probation, pursuant to a plea bargain reached on the day of trial. [Doc. #1] When Plaintiff reported for probation, he was ordered to provide a urine sample. He was then placed in handcuffs and escorted outside to his vehicle. One officer opened Plaintiff's vehicle and discovered an antique handgun and knife. [Doc. #1, p.4] Plaintiff was instructed to drive to his home, and the officers followed. At Plaintiff's

residence, the officers conducted a search and confiscated an antique shotgun, rifle, knives, and other handguns. Plaintiff claims that he should have had three days from the date he began probation to dispose of the items. Plaintiff complained that the items were not inventoried.

The judge reprimanded Plaintiff, stating, "You left this courtroom and went over there to [the] probation office with guns in your vehicle after this court had just forbid you from having them. This deeply concerns this court." The judge later revoked Plaintiff's probation and imposed a three-year sentence. [Doc. #1, p.5]

Plaintiff lodged a complaint about the confiscated items, and he was eventually provided with a list of items, which Plaintiff claims did not include every item taken.

*Law and Analysis*

Plaintiff filed this suit pursuant to 42 U.S.C. §1983. Because there is no federal statute of limitations for actions brought pursuant to §1983, federal courts presiding over §1983 claims must borrow the statute of limitations provisions of the state in which the federal court sits. See Owens v. Okure, 488 U.S. 235, 236, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) (citing Wilson, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)); see also Elzy v. Roberson, 868 F.2d 793 (5th Cir. 1989); Rodriquez v. Holmes, 963 F.2d 799, 803 (5th Cir. 1992). Plaintiff's §1983 claim is therefore

governed by Louisiana's statute of limitations provision for tort claims, which is one year. See Elzy, 868 F.2d at 794. This prescriptive period "commences to run from the day injury or damage is sustained." LA. CIV.CODE ANN. art. 3492. "Although state law controls the statute of limitations for §1983 claims, federal law determines when a cause of action accrues." Rodriquez, 963 F.2d at 803 (citing Brummet v. Camble, 946 F.2d 1178, 1184 (5th Cir. 1991)). Under the federal standard, a cause of action accrues when "the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." Id. (citing Helton v. Clements, 832 F.2d 332, 335 (5th Cir.1987)). Plaintiff had knowledge of the search and allegedly unlawful confiscation of his property on the date it occurred, April 4, 2011. Thus, any civil rights claim arising from that search is long since prescribed.

 Moreover, the Due Process Clause of the Fourteenth Amendment provides "nor shall any State deprive any person of ... property, without due process of law." U.S. Constitution, Amendment XIV. However, under the Parratt/Hudson doctrine, a state actor's random and unauthorized deprivation of a plaintiff's property does not result in a violation of procedural due process rights if the state provides an adequate post-deprivation remedy. See Parratt v. Taylor, 451 U.S. 527, 544 (1981); Hudson v. Palmer, 468 U.S. 517 (1984). Even in instances where an intentional deprivation occurs,

if an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated. <u>Hudson v. Palmer</u>, 468 U.S. 517 (1984).

Louisiana law provided Plaintiff the opportunity to seek redress for either the negligence or intentional torts of Cedric Smith. La. Civil Code, Article 2315. This provision of state law, which is the general tort provision of Louisiana's Civil Code, provides all the process that is required, and thus, the Fourteenth Amendment is not implicated. <u>See</u> <u>Charbonnet v. Lee</u>, 951 F.2d 638 (5th Cir.), *cert. denied*, 505 U.S. 1205 (1992).

Plaintiff's claim regarding lost property is clearly barred by the one year prescriptive period or the Parratt/Hudson doctrine.

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE as frivolous** under 28 U.S.C. §1915(e)(2)(B) and 1915A.

*Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.**

Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this ____ day of May, 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE